# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re:<br>TODD M. JENKINS,<br><br>Debtor.<br>Last four digits of SS#: 7993<br>_____<br><br><br>WARD HARDWOOD FLOOR<br>SERVICE, INC., d/b/a WARD HARDWOOD<br>FLOORING, and DUST CONTAINMENT<br>SYSTEMS, LLC, d/b/a/ TARP-RITE DUST<br>CONTAINMENT  SYSTEMS<br><br>Plaintiffs,<br><br>v.<br><br>TODD M. JENKINS,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Bankruptcy Case No.<br>09-11114-SBB<br>Chapter 7<br><br><br><br><br><br><br><br><br><br><br><br>Adversary Proceeding No.<br>09-01802-SBB |

**APPEARANCES:**

Annette M. Powell                                        F. Kelly Smith
Powell Law Office, P.C.                                Law Office of F. Kelly Smith
1819 Denver West Drive, Suite 225            216 Sixteeth Street, Suite 1210
Lakewood, CO 80301                                  Denver, CO 80202
720-542-3468                                              303-592-1650
ATTORNEY FOR PLAINTIFFS               ATTORNEY FOR DEFENDANT-
                                                                  DEBTOR

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on June 8, 2010,[1] for a hearing on the Motion to Dismiss Complaint as Untimely filed by Todd M. Jenkins ("Debtor") on February 18, 2010,[2] and

---

[1]        The Minutes of Proceeding for the June 8, 2010 hearing are located at Docket #14.

[2]        Docket #9.

Plaintiffs' Response in Opposition thereto, which was filed on February 27, 2010.[3]  The Court, having reviewed the pleadings, heard the arguments of counsel, and reviewed the within case file, makes the following findings of fact, conclusions of law, and enters the following Order.

## I.   <u>Question Presented</u>

The question presented by the parties to the dispute is whether a debtor who has failed to timely list and provide notice to a creditor of his bankruptcy case - but does remedy the problem, in part, by amending his schedules and giving later notice to the creditor - can invoke laches in defense of creditor's nondischargeability litigation under 11 U.S.C. § 523(a)(3). Or, put another way, can a creditor not timely notified of a debtor's bankruptcy filing have a right, indefinitely, to file dischargeability litigation?

## II.   <u>Procedural Background</u>

On January 27, 2009, Debtor filed for relief under Chapter 7 of the Bankruptcy Code.[4] On January 30, 2009, the Clerk of the Bankruptcy Court mailed its Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines ("Notice") to Plaintiff Ward Hardwood Floor Service, Inc., d/b/a Ward Hardwood Flooring ("Ward Hardwood").[5]

It is uncontested that Debtor listed Ward Hardwood's address as 30746 Bryant Drive, Unit 316, Evergreen, CO 80439.  It is also uncontested that Ward Hardwood had a mailing address of P.O. Box 2015, Evergreen, CO 80437 at the time of the bankruptcy filing, and that the physical address of Ward Hardwood was 29340 Industrial Way #D410, Evergreen, CO 80439.

On March 9, 2009, the section 341 meeting of creditors was held.  The deadline for filing objections to discharge was May 1, 2009.[6]

On May 28, 2009, Debtor amended his schedules to include Plaintiff Dust Containment Systems, LLC d/b/a Tarp-Rite Dust Containment Systems ("Tarp-Rite").[7]  The parties agree that this was the first time Tarp-Rite was identified as a creditor by the Debtor.  In addition, on May 28, 2009, Debtor corrected Ward Hardwood's address to read P.O. Box 2015, Evergreen, CO 80437.  It is important to note that there is a commonality of ownership in Ward Hardwood and

---

[3]      Docket #10.

[4]      Bankruptcy Case No. 09-11114-SBB, Docket #2.

[5]      Bankruptcy Case No. 09-11114-SBB, Docket #7.  Debtor did not file his schedules with the petition; instead Debtor filed his Schedules and Statement of Financial Affairs on February 11, 2009.  Ward Hardwood was listed as a creditor in Debtor's schedules.

[6]      Bankruptcy Case No. 09-11114-SBB, Docket #7 at 1.

[7]      Bankruptcy Case No. 09-11114-SBB, Docket #9.

Tarp-Rite and they are acting in concert with respect to this adversary proceeding (Ward Hardwood and Tarp-Rite shall be also referred to together herein as "Plaintiffs"). At this point, both Tarp-Rite and Ward Hardwood were, for the first time, properly served - and given notice of the bankruptcy case.

According to Plaintiffs, in April 2009, they

> paid a significant sum of money to a collection agency. . . . These sums were non-refundable and spent in futility because Debtor amended his schedules, as set forth above, shortly after the collection agency was hired and demand [sic] suit."[8]

Plaintiffs' counsel acknowledged at the hearing that Plaintiffs received notice of Debtor's bankruptcy on June 2 or 3, 2009. After that, "Ward and Tarp-Rite were directed by the collection agency to contact the agency's attorney, located in New York."[9] Plaintiffs state that shortly thereafter, they did contact the New York counsel, by written correspondence.[10]

In the meantime, on August 20, 2009, the Court entered Debtor's discharge. Eventually, Plaintiffs "were pointed in the right direction, to their current counsel."[11] Counsel met with them in November 2009, and filed this adversary proceeding against Debtor on December 28, 2009.

## III.    Plaintiffs' Allegations

In their Complaint, Plaintiffs allege that Debtor entered into an agreement with them to provide services and materials in connection with projects on three homes in the Golden, Colorado area. Plaintiffs allege that they did the work, and that Debtor received full payment from the owners of the properties. According to Plaintiffs, such funds were supposed to be held in trust for them pursuant to the Colorado trust fund statute, COLO. REV. STAT. § 38-22-127, but Debtor has failed to pay them when they demanded that he turn over the funds. Plaintiffs, therefore, seek a determination pursuant to 11 U.S.C. § 523(a)(4) that Debtor's debts to them are nondischargeable.

---

[8]    Plaintiffs' Response ¶ 11.

[9]    Plaintiffs' Response ¶ 11.

[10]    Plaintiffs' Response ¶ 11.

[11]    Plaintiffs' Response ¶ 11.

## IV.   Time Limits and Laches in Section 523(a)(3)(B) Proceedings

### A.   Section 523(a)(3)(B) and Rule 4007(b) Do Not Place a Time Limit on the Filing of Adversary Proceedings

"Section 523(a)(3)(B) creates a nondischargeability action for defrauded creditors who were neither listed nor scheduled and had no notice or actual knowledge of the case in time to permit the timely filing of a proof of claim or a timely request for a determination of dischargeability."[12]  Actions brought by creditors under section 523(a)(3)(B) are governed by Rule 4007(b), which provides: "A complaint other than under section 523(c) may be filed *at any time*."[13]  Thus, there is no statutory time limit for filing actions under section 523(a)(3)(B).

### B.   The Threshold Issue - Timeliness and Laches

Debtor acknowledges that Plaintiffs - creditors of this Debtor - were not actually or constructively made aware of his commencement of a bankruptcy case until the time had passed for filing objections to discharge or dischargeability.  He further acknowledges that creditors in such circumstances are not barred by the claims-bar date from bringing adversary proceedings.[14]  Despite this, however, Debtor contends that the doctrine of laches should operate to prevent Plaintiffs from maintaining their action in this case.  Specifically, Debtor asserts that he would be severely prejudiced if Plaintiffs were allowed to continue with their proceeding at this stage.[15]  He also asserts that by waiting more than six months after they had notice of the bankruptcy to file their adversary proceeding, Plaintiffs did not exercise reasonable diligence .[16]  He urges dismissal of the action.

The Court must first determine whether laches is even available as an affirmative defense in section 523(a)(3)(B) cases.  Then, if appropriate and applicable, the Court can evaluate

---

[12]   *Beaty v. Selinger (In re Beaty)*, 306 F.3d 914, 921-22 (9th Cir. 2002).

[13]   FED. R. BANKR. P. 4007(b).  In contrast, actions by creditors who did receive timely notice are subject to a time limit under Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, which provides:  "[A] complaint to determine the dischargeability of a debt under section 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under section 341(a)."

[14]   Debtor indicates that he believes that in such circumstances creditors are afforded an opportunity to file an adversary proceeding out of time based on the doctrine of equitable tolling.  This is not the case, however, as there is no time limit set forth in the Federal Rules of Bankruptcy Procedure or Section 523(a)(3)(B).  The interplay of the Rules and the Code is discussed at greater length in the section IV of this Order.

[15]   Debtor's Motion to Dismiss ¶ 12, 13.

[16]   Debtor's Motion to Dismiss ¶ 12.  At the hearing, Debtor argued that the Plaintiffs had notice on or around May 28, 2010, when the clerk mailed the Notice.

whether Debtor has proved the elements of laches.  This is an important threshold issue,[17] since the reason for the lack of a time limit in section 523(a)(c) actions is to provide time to file a complaint to a creditor who, due to the fault or mistake of the debtor, was not included in the debtor's bankruptcy schedules.   It appears that this is a matter of first impression in this Circuit.

### C.      Laches as a Defense in Section 523(a)(3)(B) Actions

In *Beaty v. Selinger (In re Beaty)*,[18] the Ninth Circuit held that the "at any time" language in Rule 4007(b) should not be read to bar a debtor from asserting a laches defense where a creditor's delay in bringing a nondischargeability proceeding is prejudicial to the debtor.[19]  The Court stated four principal reasons in support of its conclusion.  First, the Court found that an examination of other bankruptcy actions that are without time limitations "demonstrates that Congress nevertheless intended laches to act as a constraint in those actions."[20]  Second, the Court noted that the "at any time" language is not found in the Code, but rather in Rule 4007(b). Though Rule 4007(b) allows a filing "at any time," the Bankruptcy Rules cannot "abridge, enlarge, or modify any substantive right."[21]  Third, the Court noted that laches is primarily concerned about prejudice.  "Thus, there is nothing inherently contradictory about saying that an action that may be brought 'at any time' is nonetheless subject to an equitable limitation based on prejudicial delay."[22]  Fourth, the Ninth Circuit reasoned,

> it is not hard to imagine a case in which the absence of a laches defense would lead to injustice.  It seems highly unlikely that Congress intended that a debtor who innocently neglected to schedule a creditor be vulnerable to an ostensible

---

[17]       Plaintiffs do not seem to dispute that laches can operate as a defense against claims filed by section 523(a)(3)(B) plaintiffs after the claims-bar date; however, the Court must necessarily determine that question before it can consider whether laches bars the claims asserted by Plaintiffs here.  The question of whether laches may bar section 523(a)(3)(B) claims remains an open issue in much of the country, *see, e.g.*, *Tidwell v. Smith (In re Smith)*, 582 F.3d 767, 780 (7th Cir. 2009)(noting that laches might be a defense to a complaint filed long after an unscheduled creditor learns of debtor's bankruptcy, but not deciding the question), though the question has been decided in the affirmative by the Ninth Circuit Court of Appeals.  *Beaty v. Selinger*, 306 F.3d 914 (9th Cir. 2002).

[18]       306 F.3d 914 (9th Cir. 2002).

[19]       *Id.* at 923-26.

[20]       *Id.* at 923-24.

[21]       *Id.* at 924 (citing *In re Jastrem*, 253 F.3d 438, 441 (9th Cir. 2001).  *See also Duran v. AmeriCredit Fin. Servs., Inc. (In re Duran)*, 483 F.3d 653, 657 (10th Cir. 2007) (holding that the Bankruptcy Rules cannot be read thusly).

[22]       *Id.* (citing *Coveau v. American Airlines*, 217 F.3d 1078, 1083 (9th Cir. 2000)).  The Tenth Circuit has also recognized that laches is based not on mere delay, but on delay that works to the disadvantage of another party."  *Schmidt v. Farm Cred. Servs.*, 977 F.3d 511 (10th Cir. 1992)(citation omitted).

creditor who learned of the bankruptcy case soon after discharge but waited many years for a key witness to die before bringing his § 523(a)(3)(B) action.[23]

The Ninth Circuit's reasoning is persuasive. Yet, there is another important reason why laches is an appropriate defense to a section 523(a)(3)(B) action.

### 1.    Due Process Concerns

Section 523(a)(3)(B) addresses important due process concerns. Specifically, the purpose of allowing a section 523(a)(3)(B) creditor-plaintiff to bring its claim even after the deadline for challenging dischargeability under section 523(a)(2), (4), or (6) has expired, is to ensure that its due process rights are not undercut by a debtor's failure to include the creditor-plaintiff in the schedules filed with the bankruptcy petition.[24]

"The fundamental requisite of due process of law is the opportunity to be heard."[25] The means to that end is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action."[26] Due process is not offended by allowing laches as a defense to section 523(a)(3)(B) actions, because it operates to bar actions only in cases where a creditor who *has notice of a bankruptcy* unreasonably delays exercising the due process rights afforded it.

### 2.    Equitable concerns

Laches is an equitable doctrine. Fundamental among equitable principles is the precept that one who seeks equity must do equity.[27] As the Ninth Circuit noted, when a debtor invokes laches as a defense to a § 523(a)(3)(B) action, concerns about the inequity that a creditor may

---

[23]    *Id.*

[24]    Section 521(1) puts the onus on a debtor to list all debts he seeks to discharge on the schedules he files with the bankruptcy court. It is from the debtor's schedules that the clerk of the bankruptcy court compiles the names and addresses of creditors to whom the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, and it is the Notice that advises creditors of the deadline for filing complaints to determine the dischargeability of debts. Section 523(a)(3)(B), in turn, ensures that the due process rights of a debtor who is not properly listed on a creditor's schedules, or who does not otherwise receive notice of his bankruptcy filing, are not prejudiced by virtue of the debtor's failure to give proper notice. *See Chanute Prod. Cred. Ass'n v.. Schicke (In re Schicke)*, 290 B.R. 792 (10th Cir. BAP 2003) (discussing reasons why debtor's failure to schedule creditor means that creditor's right to challenge dischargeability cannot be time-barred ).

[25]    *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (quoting *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914)).

[26]    *Id.*

[27]    *Worthington v. Anderson*, 386 F.3d 1314, 1319 (10th Cir. 2004).

have suffered its best addressed by "emphasizing the equitable nature of the doctrine in its application in particular cases."[28]

　　　　To this end, bankruptcy courts must be

especially solicitous to § 523(a)(3)(B) claimants when laches is invoked, and . . . refuse to bar an action without a particularized showing of demonstrable prejudicial delay.  Just as there is a strong presumption that a delay is reasonable for purposes of laches when a specified statutory limitations period has not yet lapsed, there should be a similar presumption in § 523(a)(3)(B) cases.  A party asserting laches as a defense to a complaint must make a heightened showing of extraordinary circumstances and set forth a compelling reason why the action should be barred.[29]

## V.　　Viability of Laches Defense in This Case

　　　　Debtor comes to this Court seeking equity in a case where he has failed to do that which he was required to do in order to discharge his debts in bankruptcy.  There is no doubt that Debtor's failure to include Plaintiffs on his schedules resulted in prejudice to them,[30] for it deprived Plaintiffs of the opportunity to secure counsel and timely file a nondischargeability proceeding, putting them instead upon a futile and expensive collections route.[31]  It is disturbing that, where his own delay was prejudicial, Debtor seeks the benefit of laches.

　　　　The defense of laches requires proof of the following two elements:  "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense."[32]

---

[28]　　　*Beaty*, 306 F.3d at 925.

[29]　　　*Staffer*, 306 F.3d at 926.

[30]　　　Serving Ward Hardwood at the correct address would also have given constructive notice to Tarp-Rite, as the companies are apparently operated by the same individuals.

[31]　　　Further, it is not as if Debtor were unaware of his debts to Plaintiffs – indeed, he listed Ward Hardwood on his schedules, but apparently did not bother to verify on the Colorado Secretary of State's website that he was serving Ward Hardwood at the appropriate address.

[32]　　　*In re Parker*, 264 B.R. 685, 692 (10th Cir. BAP 2001) (quoting *Costello v. United States*, 365 U.S. 265, 282, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961)).  *See also Kansas v. Colorado*, 514 U.S. 673, 687, 115 S.Ct. 1733, 131 L.Ed.2d 759 (1995)(citing Black's Law Dictionary 875 (6th ed. 1990) for proposition that the doctrine of laches "is based upon maxim that equity aids the vigilant and not those who slumber on their rights. It is defined as neglect to assert a right or claim which, taken together with lapse of time and other circumstances causing prejudice to the adverse party, operates as bar in court of equity").

### A.      Plaintiffs' Delay in Filing is Unreasonable

There is no dispute that Plaintiffs *did not* have timely notice of the bankruptcy due to Debtor's failure to schedule them properly and that, indeed, notice of the bankruptcy was not received until at least June 2, 2009, thirty-two days after the time for filing adversary proceedings had expired (May 1, 2009). There is also no dispute that Plaintiffs did not file their adversary proceeding until December 28, 2009 – more than seven months after adversary proceedings were to be filed, almost seven months after they received notice of the bankruptcy filing, and more than four months after discharge was entered.

Plaintiffs contend that their delay in filing the action is reasonable, because they contacted their collection agency for assistance shortly after learning of the filing, and then, per the agency's directive, wrote to New York counsel about their case.[33]  The major delay in the action, it seems, is attributable either to the collection agency or to New York counsel's failure to contact present counsel about representing Plaintiffs until several months had elapsed. However, even after present counsel met with Debtors in November, it took until nearly the end of December to file an adversary proceeding.  These delays are, under the circumstances, simply not reasonable, and, though occasioned by the acts of Plaintiff's agents, they are imputable to Plaintiffs.[34]  Had Plaintiffs brought their case promptly, the Court would have been able to hear the matter prior to entry of discharge; indeed, had the Court been advised and known that Plaintiffs intended to file a nondischargeability proceeding, it might have delayed discharge.

Creditors in this case who *were* properly scheduled had ninety (90) days in which to file adversary proceedings.[35]  Plaintiffs offered no good reasons why they too could not also have done so, and the Court sees no special circumstances here that make it reasonable for these creditors to have taken more than double that amount of time to file their claim.  Accordingly, the Court finds that Plaintiffs' delay in filing was unreasonable.

---

[33]     Plaintiffs' Response ¶¶ 10, 11.

[34]     *E.g. In re Stat-Tech Sec. Litigation*, 905 F. Supp. 1416, 1422 (D. Colo. 1995) ("Generally, the acts and knowledge of an agent are imputed to the principal.")

[35]     There are ninety days between January 30, the date that the Notice went out, and May 1, the deadline for filing adversary complaints.

8

### B.     Prejudice to Debtor

In addition to showing unreasonable delay, Debtor must also make a particularized showing of prejudice arising from Plaintiffs' delay in filing.[36]

At the hearing, Debtor argued that allowing Plaintiffs to pursue their late-filed claim would mean that Debtor would be subjected to this lawsuit and additional fees and costs of representation going forward.  He would also face additional potential liability on Plaintiff's claims.  This is all the more prejudicial in his case, Debtor argued, because three other adversary complaints have already been filed against him.

These allegations are insufficient to make a particularized showing of prejudice.[37]  Debtor would have had to face these same costs and fees, and the same potential liability if the case had been filed before the claims-bar date.  There is no allegation that factors that relate to Debtor's ability to defend himself in this case, such as the availability of witnesses and evidence, have changed substantially due to the passage of time.  Because Debtor cannot demonstrate that Plaintiffs' delay has been prejudicial, he cannot satisfy this element of the laches defense.  Accordingly, laches does not bar Plaintiffs' claims against him.

## VI.     Conclusion

It is therefore

ORDERED that Debtor's Motion to Dismiss Complaint as Untimely is DENIED.  Debtor shall file an Answer or otherwise respond to the Plaintiffs' Complaint on or before **July 20, 2010.**

Dated this 6th day of July, 2010.

BY THE COURT:

_____
Sidney B. Brooks,
United States Bankruptcy Judge

---

[36]     *Beaty*, 306 F.3d at 926.  *See also In re Korman* Case No. 08-10614, 2010 WL 889866 at *3 (Bankr. D.N.J. Mar. 8, 2010)(noting that laches defense always requires particularized showing of prejudice and noting that conclusory statements are insufficient to demonstrate prejudice in case where order regarding reopening case to allow for filing of nondischargeability proceeding was remanded by district court for evaluation of whether laches applied).

[37]     *See Beaty*, 306 F.3d at 921 (finding that generic claims that debtor would face attorney's fees that he might otherwise not have faced and that he was deprived of the finality of discharge are insufficient to demonstrate that delay was prejudicial).

9